UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MP MICHIGAN, LLC et al.,

       Plaintiffs,

v.

CORE ENERGY, LLC ,

       Defendant.
_____/

Case No. 1:13-cv-1154

HON. JANET T. NEFF

**<u>OPINION</u>**

Plaintiffs MP Michigan, LLC, MEP III Michigan, LLC, and MEP D-III Michigan, LLC (collectively, "Merit") filed this action for trespass (Count 1) and quiet title (Count 2) against Defendant Core Energy, LLC, alleging that Plaintiffs' leasehold interest in a portion of the "Chester 16 Unit" (Chester Township, Otsego County, Michigan) entitles them to the exclusive right to conduct or authorize seismic surveys on the leased premises and that Defendant conducted a seismic survey on the property without Plaintiffs' consent. Pending before the Court is Defendant's Motion to Dismiss or Compel Joinder (Dkt 27) with respect to the quiet title claim only. Plaintiffs have filed a Response (Dkt 24), and Defendant has filed a Reply (Dkt 29). Having fully considered the parties' briefs and the record, the Court concludes that oral argument is unnecessary to resolve the pending motion. *See* W.D. Mich. LCivR 7.2(d). The Court denies Defendant's Motion.

**I.  Factual Background**

Plaintiffs allege they are the record owner of oil and gas leases covering oil and gas interests ("Working Interests") in Tracts 4 and 5 of the Chester 16 Unit pursuant to a December 3, 2003 agreement with various Shell companies (First Amended Complaint (FAC), Dkt 13, ¶¶ 10-11, 17

& Ex. 3).  Under the applicable leases, Plaintiffs acquired exclusive rights to both explore for and produce oil and gas from Tracks 4 and 5 ("the Property") (*id.* ¶¶ 17, 23 & Ex. 6).

The Chester 16 Unit is a five-tract unit established in 1983 as a common source of oil and gas supply, governed by a Plan of Unitization ("Shell 1983 Unitization") approved by the Supervisor of Wells (FAC ¶ 10 & Ex. 1).  Plaintiffs assert that the effect of the Shell 1983 Unitization was to unitize oil and gas rights only for purposes of cooperative development and operation and it did not transfer or alter any title rights or interest to oil and gas rights (Dkt 24 at 2-3, citing FAC, Ex. 1)

In the spring of 2011, Defendant Core Energy conducted seismic exploration over area that included Tracts 4 and 5 (FAC ¶ 22).  After completing its seismic data survey, Defendant sought Plaintiffs' consent to the seismic exploration (*id.* ¶ 18).  The parties negotiated concerning the terms of an agreement, but no agreement was reached (*id.* ¶¶ 19-21).  Defendant subsequently used the seismic data to seek approval of a new Plan of Unitization for the Chester 16 Unit, as well as reassignment of tract participation percentages which significantly decreased the value of Plaintiffs' tracts (Dkt 24 at 4, citing FAC ¶ 27 & Ex. 2).

Plaintiffs filed this lawsuit against Defendant, seeking damages for Defendant's trespass as well as a judgment confirming that Plaintiffs hold full legal and equitable title to leasehold interests in Tracts 4 and 5, which includes the exclusive right to obtain or authorize seismic data measuring and quantifying from Tracts 4 and 5 (FAC at 6-7).  After Defendant raised initial jurisdictional and joinder concerns, Plaintiffs agreed to file an amended complaint that included a detailed jurisdictional statement (Dkt 13).  The parties resolved the initial issue of jurisdiction, and following a pre-motion conference on the remaining issues, they proceeded with briefing the motion regarding joinder.

## II. Discussion

Defendant moves to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(7) and Rule 19 for failure to join all necessary parties. In the alternative, Defendant requests that the Court order Plaintiffs to amend their complaint to add all necessary parties.

Defendant asserts that Plaintiffs' quiet title claim seeks a determination that Plaintiffs are the sole owner of certain working interests in Tracts 4 and 5 of the Chester 16 Unit and have the exclusive right to obtain or authorize seismic data pertaining to those Tracts. Defendant argues that because a Plan of Unitization exists for Chester 16 Unit, "unitizing" the rights of all interest owners within the Unit as if subject to a single oil and gas lease, all interest owners within the Unit are necessary parties to Plaintiffs' quiet title action. Defendant contends that in addition to the working interest owners, the owners of fee interests, surface interests, and the pore space within the Chester 16 Unit have the right to authorize seismic data pertaining to the Chester 16 Unit and are necessary parties to Plaintiffs' quiet title action.

Plaintiffs argue that there are no absent parties that are necessary to this action since complete relief can be afforded between the existing parties without impairing the rights of others. That is, because Plaintiffs are the exclusive owner of oil and gas leases over Tracts 4 and 5, there is no other party that has the ability to give effective consent to seismic operations, and there is no other party that holds a legitimate stake in the pending quiet title action.

FED. R. CIV. P. 19 governs the required joinder of parties and provides in relevant part:[1]

---

[1] Plaintiffs set forth the governing legal principles, which Defendant does not dispute.

**(a) Persons Required to Be Joined if Feasible.**

**(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

\* \* \*

(**b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The Sixth Circuit applies a three-part process to determine whether joinder is proper under Rule 19:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted). The moving party under Rule 12(b)(7) bears the burden of demonstrating the necessity of a missing party under Rule 19(a). *Lewis v. Ceralvo Holdings, LLC*, No. 4:11–CV–00055, 2012 WL 32607, at *8 (W.D. Ky. Jan 6, 2012); *Marshall v. Navistar Int'l Transp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich. 1996).

The essential dispute presented in this case is whether Defendant infringed Plaintiffs' rights over Tracts 4 and 5 in conducting the seismic exploration at issue. Contrary to Defendant's argument, the absence of the other parties with interests in Chester 16 Unit does not prevent the Court from granting complete relief as between Plaintiffs and Defendant with respect to Plaintiff's quiet title claim. Nor would such relief impair the rights of absent parties.

In their quiet title claim, Plaintiffs seek a declaration that they hold full legal and equitable title to Working Interests in Tracts 4 and 5 of the Chester 16 Unit, free and clear of any and all claims of Defendant. Plaintiffs' First Amended Complaint alleges:

> 23. As the sole owner of Working Interests in Tracts 4 and 5 of the Chester 16 Unit, Merit is the sole owner of the exclusive right to conduct geophysical exploration over Tracts 4 and 5. Therefore, there is no other party that could have given effective consent to Core to conduct seismic operations over the Property and there is no other party that holds an interest in the trespass or quiet title actions set forth below.

## COUNT II
## QUIET TITLE

29. Plaintiff incorporates by reference as if fully rewritten the allegations contained in paragraphs 1 through 28.

30. Merit is the sole owner of Working Interests in Tracts 4 and 5 of the Chester 16 Unit as set forth in Exhibit 1 and incorporated as if fully stated herein.

31. The Oil and Gas Lease for the Chester 16 Unit is recorded at Liber 125, Page 628, Otsego County records, as set forth in Exhibit 6 and incorporated as if fully stated herein.

32. As the sole owner of Working Interests in Tracts 4 and 5, Merit holds the exclusive right to obtain or authorize seismic data measuring and quantifying from the Property.

33. Upon information and belief, Core disputes this right and may claim entitlement to obtain seismic data pertaining to Merit's oil and gas assets, including, without limitation, the Property, without Merit's consent.

   Wherefore, Plaintiff requests that this Court enter a Judgment determining that Plaintiff holds full legal and equitable title to Working Interests in Tracts 4 and 5 of the Chester 16 Unit and any other property affected by Core's alleged trespass, free and clear of any and all claims of defendants in this action, and quieting title to the Working Interests in Tracts 4 and 5 in Plaintiff, and for its costs, interest, and attorney fees, together with other equitable or legal relief to which it may be entitled under the circumstances.

In the context of these allegations, the resolution of Plaintiffs' quiet title claim requires the Court to determine Plaintiffs' rights only vis-à-vis Defendant's alleged right to conduct seismic studies over Plaintiffs' working interest holdings. As Plaintiffs observe, the resolution of a quiet title action under Michigan law requires a plaintiff to show only that his interest in the subject property is superior to the interest asserted by the defendant. *See* MICH. CT. R. 3.411; *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet Cnty. Rd Comm'n*, 600 N.W.2d 698, 700-01 (Mich. Ct. App. 1999). Therefore, the dispositive issue in the quiet title action is

whether Plaintiffs' right to conduct seismic exploration is superior to Defendant's. *See Beulah, supra*, at 701.

This is further born out by the parties' positions set forth in their Joint Status Report (Dkt 21), in which Defendant asserts that Plaintiffs owe a fiduciary duty to all interest owners in the Chester 16 Unit and that those interest owners may, at their own expense, conduct seismic or other studies to assure that Plaintiffs are meeting their fiduciary obligations. While Defendant contends that surface owners and owners of mineral interests above and/or below Plaintiffs' interests are entitled to run such testing and are therefore also necessary parties to this quiet title action, the present dispute concerns only Defendant's seismic testing.

"Rule 19 calls for a pragmatic approach, requiring a balancing of rights with an eye toward promoting full adjudication of disputes with a minimum of litigation effort." *Boone v. Warren*, 166 F. App'x 818, 819 (6th Cir. 2006) (citing *Glancy*, 373 F.3d at 665; *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 765 (6th Cir. 1999) "(observing that Rule 19(b) is not applied in a rigid manner, but requires scrutiny of case-specific facts, consideration of procedural and substantive factors, and balancing of all relevant interests)"). Here, requiring joinder of all interest owners in the Chester 16 unit, as well as fee owners and various other potential interests, to resolve the instant dispute over Defendant's seismic testing is not pragmatic or necessary.

"Under the Rule 19 analysis, the movant must first satisfy the threshold requirement of showing the necessity of the missing party before the Court can address the second or third step." *Lewis*, 2012 WL 32607, at *7 (citing *Glancy*, 373 F.3d at 666). Because Defendant has failed to make this threshold showing, the Court need not address the remaining aspects of the Rule 19 analysis to determine whether joinder is feasible. *See Glancy*, 373 F.3d at 666.

For the reasons stated above, the Court does not find joinder or dismissal necessary under the circumstances presented.  Defendant's Motion to Dismiss or Compel Joinder is denied.  An Order will enter consistent with this Opinion.

Dated: March 17, 2015                              /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge